**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**APRIL GEORGE (#269654)**　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　**21-499-SDD-EWD**

**LOUISIANA CORRECTIONAL**
**INSTITUTE FOR WOMEN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 3, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

APRIL GEORGE (#269654)                                              CIVIL ACTION NO.

VERSUS                                                                        21-499-SDD-EWD

LOUISIANA CORRECTIONAL
INSTITUTE FOR WOMEN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended,[1] of Plaintiff April George ("George"), who is representing herself and who is confined at the Louisiana Correctional Institute for Women ("LCIW") in St. Gabriel, Louisiana. It is recommended that George's claims be dismissed with prejudice for failure to state a claim because the claims are prescribed on the face of the Complaint.

### I. BACKGROUND

George filed this suit on or about August 24, 2021 against LCIW, Jim Rogers, Sharon McNealy, Edith Pedescleaux, Jersey Lewis, and the Office of Risk Management alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983.[2] On October 20, 2021, prompted by this Court's Deficiency Notice to file her Complaint on the approved form and to either pay the associated filing fee or file a motion to proceed in forma pauperis,[3] George filed an amended Complaint naming only Edith Pedescleaux, Sharon McNealy, and Jersey Lewis.[4] Because of the conclusory nature of her claims, on June 9, 2022 the Court ordered George to file another amended complaint alleging specific facts to support her claims. She was given a deadline of June 30, 2022. On June 29, 2022, George requested an extension of time to comply, which the Court granted.[5] George was then ordered to file her amended complaint by no later than August

---

[1] R. Docs. 1 & 3.
[2] R. Doc. 1.
[3] R. Doc. 2.
[4] R. Doc. 3, p. 3. It is unclear whether George intended to name the State of Louisiana and LCIW as separate Defendants, since these entities were listed in the caption of the complaint (R. Doc. 3, p. 1), but that issue is moot since all claims are prescribed.
[5] R. Docs. 7 & 8.

1, 2022.⁶  Rather than file an amended complaint, on July 29, 2022, George requested appointed counsel.⁷  The Court denied the request for counsel but provided George with a final extension of time to amend her Complaint.⁸  George has not filed the amended complaint and the deadline to do so has passed.⁹  George alleges she "has been subject to continuous assault and battery, cruel and unusual punishment by prison guards covered up by the warden, harassment and intentional inflictions of emotional distress for a period of seventeen (17) [sic] or until 2020 which is continuing."  George seeks monetary and injunctive relief.¹⁰

## II.  LAW & ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"¹¹  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."¹²  This provision gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.¹³  Pleaded facts that are merely

---

⁶ R. Doc. 8.
⁷ R. Doc. 9.
⁸ R. Doc. 10.
⁹ George was ordered to file her amended complaint by no later than February 21, 2023.
¹⁰ R. Doc. 3, p. 5.
¹¹ *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
¹² *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
¹³ *Denton,* 504 U.S. at 32.

improbable or strange, however, are not frivolous for purposes of the screening process.[14] Screening is conducted before service of process and dismissal is proper as to any claim that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

To determine whether the complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[16] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[17] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

### B. All Claims are Prescribed on the Face of the Complaint[20]

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[21] Actions brought pursuant to § 1983 are considered delictual and, in Louisiana, are subject to a limitations period of one year.[22] State law also governs whether events occur that toll (*i.e.*, pause or delay) the limitations

---

[14] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[15] *See*, 28 U.S.C. §1915A.
[16] *Plascencia-Orozco v. Wilson*, 773 Fed. App'x. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[17] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.*
[20] *Green v. La. Dept. of Public Safety and Corrections*, 2007 WL 1805728, at *1 (W.D. La. June 21, 2007), citations omitte ("[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." … A district court may dismiss a complaint on its own for failure to state a claim, as long as the parties are given notice and opportunity to respond."). The 14-day time period for George to object to this Report and Recommendation is her opportunity to respond.
[21] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[22] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for delictual actions).

period unless the state provisions regarding tolling are inconsistent with federal law.[23] Though the Louisiana prescriptive period of one year applies to Plaintiff's claims, federal law governs when her claims accrued, *i.e.*, when the limitations period starts.[24] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[25] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[26]

George alleges that, in November 2006, excessive force was used against her and she was sexually assaulted with a foreign object in retaliation for her reporting the 2003 murder of another inmate to the Louisiana Department of Public Safety and Corrections.[27] Though she claims that she has been the subject of continuing constitutional violations, George has not provided any specific instances of alleged violations except the acts occurring in November 2006, despite the opportunity to amend to state more specific facts.[28]

The only alleged constitutional violations specifically stated in the Complaint, as amended, occurred between November 2006 and 2008, nearly fifteen to thirteen years before George filed this suit.[29] Considering that Louisiana has a one-year prescriptive period, and there is no indication

---

[23] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[24] *Harris*, 198 F.3d at 157.
[25] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[26] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[27] R. Doc. 1, pp. 3-4.
[28] R. Doc. 1, pp. 3-4; R. Doc. 6. George alleges she has been the subject to retaliation by various officials at LCIW because she reported the murder of another inmate, Jessica Woodard. *See* R. Docs. 1, p. 3; 3, p. 4. Other than the events transpiring in 2006 and, possibly, through 2008, George only makes general, conclusory allegations that she "has been subject to continuous assault and battery, cruel and unusual punishment…covered up by the warden…for a period of seventeen [years]…which is continuing." R. Doc. 1, pp. 3-4. These conclusory allegations do not state a claim. *Miller v. Harris County*, 08-2826, 2011 WL 4456094, at *20 (S.D. Tex. Sept. 22, 2011) ("conclusory assertions are insufficient to overcome a Section 1915A dismissal"); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (holding that conclusory allegations "do not support an action under 42 U.S.C. § 1983.").
[29] George also alleges that she requested medical care for her injuries sustained in November 2006 but was not provided with medical care until 2008. Even giving George the benefit of continuous constitutional violations through 2008 when she alleges she received medical care, her claims are not saved. Additionally, the excessive force and retaliation claims of 2006 would not be saved by alleged continuing violations for lack of medical care.

that George's claims were suspended, interrupted, or tolled for the more than ten years that have elapsed between when her causes of action accrued, and when she filed suit, all claims arising from the alleged retaliation and excessive force that occurred in November 2006, possibly through 2008, at LCIW are prescribed. Though prescription is suspended[30] while a plaintiff's grievances or "ARPs" are pending,[31] to determine whether claims are timely, the Court is required to count against the plaintiff the number of days both before the filing of the ARP and after the conclusion of the administrative proceedings.[32] George indicated that she did not file an ARP until 2020,[33] at which time, her claims had already prescribed and could not be revived by the filing of the ARP.[34] Accordingly, George's claims are subject to dismissal as prescribed.

## RECOMMENDATION

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A, as all claims are prescribed on the face of the Complaint, and that this case be **CLOSED**.[35]

Signed in Baton Rouge, Louisiana, on March 3, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] When prescription is suspended, the period of suspension is not counted, but the time that passes when prescription is not suspended counts towards the prescriptive period. *Adams v. Stalder*, 934 So.2d 722 (La.App. 1 Cir. 2006). Suspension of prescription simply causes the clock to stop running, but when the suspension ends, the clock continues to run from where it left off. *Id.*
[31] *Alombro v. Tarver*, No. 15-548, 2017 WL 2350242 (M.D. La. May 5, 2017).
[32] *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La.App. 1 Cir. 3/17/2006).
[33] R. Doc. 3, p. 3 (the relevant ARP is noted as "LCIW 2020-123," with 2020 indicating the year the ARP was filed).
[34] *Stokes v. Strain*, 99-1150 (La.App. 1 Cir. 6/23/2000) 768 So.2d 619, 622 (prescribed claims cannot be revived by the filing of an ARP). It appears George may have filed other ARPs relative to some claims (R. Doc. 1, p. 5), but no ARP will serve to suspend the prescriptive period for over a decade.
[35] George is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.